Moore v. Medeva Pharm., et al.          CV-01-311-M     07/23/03
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Linda E. Moore and
Wallace Moore,
        Plaintiffs

        v.                                    Civil No. 01-311-M
                                              Opinion No. 2003 DNH 129
Medeva Pharmaceuticals, Inc.,
a/k/a Celltech Pharmaceuticals, Inc.,
and Celltech Pharmaceuticals Ltd.,
        Defendants


                          **O R D E R**


        On April 17, 2002, Medeva Pharmaceutical, Inc., a/k/a

Celltech Pharmaceuticals, Inc. ("CPI") produced a compact disk

and approximately four thousand pages of documents in response to

plaintiffs' production request.  Subsequently, CPI claimed it had

inadvertently produced three pages of documents it said were

privileged.  Accordingly, it moved the court to preclude

plaintiffs from using those documents and to order their return.

That motion was denied.  See Moore v. Medeva Pharmaceuticals,

Inc., 2003 DNH 060 (D.N.H. April 9, 2003).  CPI did not move for

reconsideration.

Two months later, dissatisfied with the court's ruling on that motion, CPI's co-defendant, Celltech Pharmaceuticals Ltd. ("Celltech"), filed its own motion seeking to preclude plaintiffs from using those, as well as other, documents it says CPI inadvertently disclosed during discovery. That motion too is denied.

## Discussion

In support of its motion, Celltech says the court erred in concluding that the documents produced by CPI were not protected by the attorney-client privilege (or, more specifically, that CPI waived the privilege). Alternatively, Celltech suggests that if allowed to present a more complete record than that developed by CPI, it will demonstrate that the subject documents are, in fact, privileged and that no waiver ever occurred.

Even assuming Celltech is in a position to assert that its co-defendant inadvertently produced otherwise privileged materials during the course of discovery (under traditional notions of "standing," or otherwise), the time to make that argument has long since passed. Celltech was served with a copy

2

of CPI's motion.  It did not, however, join in that motion, nor did it file a timely motion for reconsideration.[1]  Instead, after the court denied CPI's motion, Celltech filed a virtually identical motion of its own.  As plaintiffs correctly note, it would certainly seem that "[d]efendants are attempting to 'swap movants,' resurrect the prior argument [concerning privilege and inadvertent disclosure], and expand the claim of privilege [to] documents not previously contested as such."  Plaintiffs' memorandum (document no. 72) at 4.

The court is disinclined to resolve this, or any other pretrial or discovery issue, on a serial or piece-meal basis. See, e.g., Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (noting that although a "court has the power to revisit prior decisions of its own or of a coordinate court," it should be "loathe to do so in the absence of extraordinary

---

[1]     In its order of April 9, 2003, the court resolved both CPI's motion in limine concerning the allegedly privileged documents as well as Celltech's motion to quash service.  But, even if Celltech chose not to join CPI's motion in limine pending a ruling on its motion to quash (i.e., until it knew whether it was properly made a party to this litigation), once its motion to quash was denied, Celltech certainly could have moved the court to reconsider either that ruling or its ruling on CPI's motion in limine.

circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.") (citation and internal quotation marks omitted). Here, there has been, at the very least, no showing that a failure to revisit the court's prior order would subject Celltech to "manifest injustice." So, having addressed and resolved the issue of whether CPI inadvertently produced privileged materials, the court will not reopen that issue.

## Conclusion

For the foregoing reasons, and for the reasons set forth in the court's order dated April 9, 2003 (document no. 63), as well as those set forth in plaintiffs' memorandum (document no. 72), Celltech's motion for protective order and to exclude the use of inadvertently produced privileged documents (document no. 66) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 23, 2003

4

cc: John H. O'Neil, Jr., Esq.
    Jennifer Humphreys, Esq.
    Kevin H. O'Neill, Esq.
    Daniel P. Gibson, Esq.
    Peter C. Neger, Esq.
    David M. Cohen, Esq.